104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Michael GRANT, Petitioner-Appellant,
v.
Joseph E. McCOY, Respondent-Appellee.
 No. 96-2231.
 United States Court of Appeals, Second Circuit.
 Nov. 22, 1996.
 
 FOR APPELLANT: John A. Cirando, Syracuse, NY.
 FOR APPELLEE: Dennis C. Vacco, Attorney General of the State of New York, Albany, NY.
 N.D.N.Y.
 AFFIRMED.
 Before OAKES, McLAUGHLIN and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Michael Grant is currently serving an indeterminate sentence of 7 1/2--15 years at the Mohawk Correctional Facility, after being convicted in New York Supreme Court of Burglary in the Second Degree.
 
 
 4
 Grant appealed his burglary conviction to the Appellate Division, Fourth Department, claiming that: (1) the court erred in its jury charge on reasonable doubt; (2) the jury charge was confusing and misleading; and (3) trial counsel was constitutionally deficient. The Fourth Department unanimously affirmed Grant's conviction, holding that his claims regarding the jury charge were unpreserved for appellate review and that he was not denied the effective assistance of counsel. The New York State Court of Appeals denied petitioner's application for leave to appeal. See People v. Grant, 187 A.D.2d 997 (N.Y.App.Div.1992), appeal denied, 81 N.Y.2d 886 (1993).
 
 
 5
 On October 19, 1993, Grant filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of New York, alleging that his conviction was obtained in violation of: (1) his right to Due Process under the Fourteenth Amendment because his conviction was the result of an improper jury charge which diminished the People's burden of proof; and (2) his right to the effective assistance of trial counsel guaranteed by the Sixth Amendment. On January 6, 1995, Magistrate Judge Gustave Di Bianco issued his Report and Recommendation denying Grant's petition for a writ of habeas corpus.
 
 
 6
 On July 7, 1995, Chief Judge Thomas J. McAvoy (N.D.N.Y.) adopted the Report and Recommendation of Magistrate Judge Di Bianco and denied Grant's petition for a writ of habeas corpus. Grant now appeals.
 
 
 7
 We affirm the District Court's denial of Grant's petition for a writ of habeas corpus for substantially the reasons set forth in Magistrate Judge Di Bianco's Report and Recommendation, dated January 6, 1995, No. 93-CV-1329.
 
 
 8
 We have considered all of the arguments raised by Grant, and find them to be without merit.
 
 
 9
 Accordingly, the decision of the district court is AFFIRMED.